FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 1 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

AROR ARK O'DIAH,

                Plaintiff,

    -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY;
et al.

                Defendants.
---------------------------------------------------------------X

**ORDER**
05-CV-5297 (SJF)(LB)

FEUERSTEIN, J.

By order entered December 19, 2007, five (5) civil actions commenced by plaintiff either in this Court, or in another court and then transferred to this Court, were consolidated for all purposes, to proceed under docket number 05-cv-5297.[1] (docket entry 106 herein). In that December 19, 2007 order, plaintiff was cautioned that in light of, *inter alia*, his commencement of multiple actions involving similar facts and issues and his repeated assertion of frivolous claims that had previously been dismissed, "further filings of any complaint, petition or proceeding based upon the same facts and issues dating from November 6, 2002 to November 13, 2007, the date of filing of his [then] most recent complaint, may result in the issuance of an order prohibiting him from filing any future lawsuits in this Court without first obtaining leave of the Court." (Id.)

Nonetheless, plaintiff commenced a sixth action involving the same or related facts and issues in the United States District Court for the Northern District of New York, which was assigned civil docket number 08-cv-1646 and subsequently transferred to this Court. Accordingly,

---

[1] The five (5) consolidated actions had been assigned civil docket numbers 05-cv-5297, 06-cv-3602, 06-cv-4040, 07-cv-1169 and 07-cv-4731.

1

in the order consolidating that action with this consolidated action, entered May 7, 2008, (docket entry 115 herein), plaintiff was "enjoined from filing future lawsuits in the United States District Court for the Eastern District of New York without first obtaining leave of the Court and from filing any lawsuit in any other court based upon the same facts and issues dating from November 6, 2002 to November 13, 2007." (Id.)

By mandate entered January 21, 2011, the United States Court of Appeals for the Second Circuit, *inter alia*, vacated the May 7, 2008 filing injunction and remanded the case to this Court for further proceedings, with instructions: (1) to provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction; and (2) to limit the scope of any filing injunction to future filings made by plaintiff in this Court, or to narrowly tailor the extent to which the filing injunction applies to other courts in light of In re Martin-Trigona, 737 F.2d 1254, 1261-63 (2d Cir. 1984). See O'Diah v. Port Authority of New York and New Jersey, et al., Mandate, No. 10-2271-pr (2d Cir. Dec. 16, 2010) (docket entry 204 herein).

In accordance with the mandate, this Court issued an order, entered May 17, 2011, directing plaintiff to show cause, by filing an affidavit on or before June 20, 2011, why an injunction should not issue: (1) enjoining him from (a) filing any new civil action or proceeding in this Court without first obtaining leave of the Court and (b) commencing any new action or proceeding in any tribunal against any individual who has "encountered him in any capacity in litigation in [this Court], including, but not necessarily limited to, court personnel, counsel," and defendants, with the exception of complaints pursuant to 28 U.S.C. § 351, without first obtaining leave from this Court, Martin-Trigona, 737 F.2d at 1263; (2) requiring him (a) to annex a copy of any injunction order issued by this Court to the front of every complaint, petition or pleading he

2

seeks to file in any other federal court against any other person, (b) to inform the filing court of every action or proceeding pending in any other court against any of the named defendants therein and (c) to obtain leave of that court to file the action or proceeding, see, e.g. id. at 1262; and (3) requiring him, in the spirit of "cooperative federalism," Martin-Trigona, 737 F.2d at 1263, (a) to annex a copy of any injunction order issued by this Court to the front of every complaint, petition or pleading he seeks to file in any state court against any other person and (b) to inform that court of every proceeding pending in any other court against any of the named defendants therein, to allow the state court the opportunity to "take judicial notice of matters relevant to new litigation brought by [plaintiff]." Id. Plaintiff was advised that his failure to file an affidavit in accordance with the May 17, 2011 order to show cause, or to otherwise respond to the order to show cause, would result in the entry of the injunction order set forth therein.

On or about June 1, 2011, plaintiff filed a "Notice of Motion to Vacate pursuant to F. R. Civ. P., Rules 60(a)(b) [sic]; Motion to Vacate all Judgments and all Prior Orders, Opinions, and Memorandum, pursuant to Federal Rules of Civil Procedures, Rules 60(a)(b) [sic] * * *," accompanied by an "Affidavit in Support of Motion to Vacate, and to Show Cause * * *." (Docket entry 206 herein). In his affidavit, plaintiff, *inter alia*: (1) reiterates his claims of unlawful arrests, unconstitutional incarcerations, violations of his constitutional rights, conspiracy and judicial misconduct from October 2000 through present, which he has previously and repeatedly asserted, and which have been rejected, in this and related proceedings; and (2) contends that the proposed filing injunction set forth in the May 17, 2011 order (a) violates his First Amendment rights, (Aff., ¶¶ 3, 15, 17), and (b) does not comply with the Second Circuit's January 21, 2011 mandate, (Aff., ¶¶ 11-12, 16).

Contrary to plaintiff's contention, this Court complied with the January 11, 2011 mandate of the Second Circuit by: (1) issuing the May 17, 2011 order to show cause, thereby providing plaintiff with additional "notice and an opportunity to respond before reimposing a leave-to-file sanction;" and (2) "narrowly tailor[ing] the extent to which [the filing injunction] applies to courts other than the EDNY in light of * * * In re Martin-Trigona, 737 F.2d 1254, 1261-63 (2d Cir. 1984)." O'Diah, Mandate, No. 10-2271-pr. Moreover, in In re Martin-Trigona, the Second Circuit recognized the authority of federal district courts to impose filing injunctions against vexatious litigants such as plaintiff, 737 F.2d at 1261-62, and other circuit courts have rejected the contention that narrowly-tailored filing injunctions violate a vexatious litigant's First Amendment rights. See, e.g. Smith v. Krieger, 389 Fed. Appx. 789, 799 (2d Cir. July 27, 2010), cert. denied sub nom Smith v. Anderson, 131 S. Ct. 1511, 179 L.Ed.2d 307 (2011); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). As the Eleventh Circuit held in Riccard, "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings * * *." 307 F.3d at 1298.

Accordingly, for the reasons set forth above and in this Court's May 17, 2011 and prior orders, it is hereby:

ORDERED that plaintiff is enjoined from filing any new civil action or proceeding in this Court without first obtaining leave of the Court. Within twenty (20) days of the filing of any complaint, petition or pleading in this Court, plaintiff must file a motion for leave to commence the new action or proceeding, setting forth the good faith basis for the filing of the action or proceeding, or the action or proceeding will be dismissed with prejudice and without further notice to plaintiff. A copy of this injunction order shall be appended to any complaint, petition or

pleading plaintiff seeks to file in this Court and served upon all parties to the new action or proceeding with the summons and complaint, and all proceedings in any such new action or proceeding in this Court shall be stayed until the motion for leave to commence the action or proceeding is decided; and it is further,

ORDERED, that with the exception of complaints pursuant to 28 U.S.C. § 351, plaintiff is enjoined from commencing any new action or proceeding in any tribunal against any individual who has encountered him in any capacity in litigation in this Court, including, but not necessarily limited to, court personnel, counsel and defendants, without first obtaining leave to commence the action or proceeding **from this Court**. Within twenty (20) days of the filing of any complaint, petition or pleading in any other tribunal against such individuals or entities, plaintiff must file **in this Court** a motion for leave to commence the action or proceeding in such other tribunal, setting forth the good faith basis for the filing of the action or proceeding. A copy of this injunction order shall be appended to any complaint, petition or pleading sought to be filed in such other tribunal and served upon all parties to the action or proceeding with the summons and complaint; and it is further,

ORDERED that plaintiff shall annex a copy of this injunction order to the front of every complaint, petition or pleading he seeks to file in any other federal court against any other person, inform that court of every action or proceeding pending in any other court against any of the named defendants therein and obtain leave of that court to file the action or proceeding; and it is further,

ORDERED that plaintiff shall annex a copy of this injunction order to the front of every complaint, petition or pleading he seeks to file in any state court against any other person and inform that court of every proceeding pending in any other court against any of the named

defendants therein; and it is further,

ORDERED that nothing herein shall be construed to limit plaintiff's access to the United States Courts of Appeals or United States Supreme Court on any matter; and it is further,

ORDERED that the Clerk of the Court serve notice of entry of this Order on all parties to this consolidated action in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 11, 2012
Central Islip, New York